WALTER J. ROTHSCHILD, Judge.
| j>The defendant, Antoinette Ducote, was charged by bill of information with operating a vehicle while intoxicated (“DWI”), third offense, in violation of LSA-R.S. 14:98(D). The bill of information alleges that, on January 25, 2004, the defendant operated a motor vehicle while intoxicated (DWI) after having been previously convicted of DWI on March 13, 2000 and August 1, 2001 in Jefferson Parish. The defendant pled not guilty at arraignment. After waiving her right to a jury trial, the defendant proceeded to trial on February 2, 2005, before the trial judge, who found her guilty as charged.
On February 28, 2005, the trial judge sentenced the defendant to three years at hard labor. ' The trial judge suspended 2 years and 11 months of the sentence, placed the defendant on active probation for 3 years, and ordered her to serve 30 days in parish prison without benefit of parole, probation or suspension of Lsentence. The following special conditions of probation were imposed: court costs; a $100 commissioner’s fee, a $150 fee to the I Can Drug Court program, and a $2,000 fíne; seizure and sale of the vehicle defendant was driving at the time of offense; installation of a functioning interlock device on any vehicle operated by the defendant in the future; and enrollment in driving improvement classes. The trial court further ordered the defendant to be admitted to an inpatient facility for substance abuse treatment for not less than four weeks, followed by outpatient treatment, if necessary, up to 12 months. Thereafter, the defendant was ordered to serve the remainder of her sentence on home incarceration. This timely appeal follows.[1]

FACTS

On January 24, 2004, Angelina Constan-tino was driving on the Westbank Expressway in Gretna at approximately 11:00 p.m. At the corner of Evergreen Street, the defendant’s truck rear-ended Ms. Con-stantino’s vehicle, but failed to stop. Ms. Constantino tried to attract the defendant’s attention so that she would stop, but the defendant looked angry and kept driving. Ms. Constantino dialed 911 and followed the defendant as she turned on Stumpf Boulevard. The defendant went to a convenience store, bought something, then continued driving on Stumpf. Ms. Constantino continued to follow the defendant and saw her stop at an apartment complex on Holmes, where she appeared to exchange money with a black male. The defendant ran several stop signs, erratically changed lanes, used the opposite signal for the direction in which she turned, and drove under the speed limit. The defendant then turned on Butterfly *505 Circle in Terrytown, stopped her vehicle on a side street, and appeared to fall asleep.
| ¿Ms. Constantino explained that she was persistent in her attempts to stop the defendant because it appeared to her that the defendant was intoxicated. She testified that her seven-year-old grandchild was killed in a DWI accident, and she wanted to ensure that the defendant did not hurt anyone while driving. •
At approximately 11:25 p.m., Detective David Randall of the Jefferson Parish Sheriffs Office was dispatched to South Butterfly Circle in.Terrytown in response to a report of a reckless driver. Officer Randall observed that th.e suspected vehicle, later identified as the defendant’s vehicle, was parked partially on the sidewalk and on the roadway. He approached the defendant, who was attempting to light a cigarette. She took a long time to provide her driver’s license and proof of insurance. Officer Randall testified that she fumbled with the paperwork and smelled faintly of alcohol. He asked the defendant to exit the vehicle, and shined his light under the seat. Upon observing what appeared to be the handle of a gun, he detained the defendant in handcuffs.[2] The defendant told Officer Randall that she had consumed half of an alcoholic beverage. Officer Randall noticed that she had slurred speech, her eyes seemed glazed, and she was very unsteady when walking and standing. She also told Officer Randall that she had taken some medication, but did not specify the type of medicine. Officer Randall suspected that the defendant was intoxicated and notified headquarters to call the State Police for further investigation.
Trooper Rozigas of the Louisiana State Police arrived on the scene at 11:50 p.m. She noticed that the defendant was staggering slightly and had a faint odor of alcohol on her breath. The 'defendant consented to a field sobriety test, but performed poorly on each part. The defendant denied that she was taking any medication, but told Trooper Rozigas that she had surgery on her ankle and she had | ssome back pain. After her poor performance on the test, Trooper Rozigas placed the.defendant under arrest and advised her of her rights. At the correctional center, the defendant agreed to submit to an Intoxilyzer. breath test. Prior to taking the test, the defendant advised Trooper Rozigas that she was taking Soma, Lorcet and Xanax[3] for her back and ankle. She also acknowledged that she had consumed one-half of a mixed alcoholic beverage. Upon taking the In-toxilyzer test, the defendant’s blood alcohol reading was .005%.- She refused to provide a urine sample for further testing. A videotape of the field sobriety test was played for the court and introduced into evidence.
The State introduced certified copies of the defendant’s predicate convictions into evidence, and the defendant stipulated that she pled guilty to both convictions. The defendant introduced her medical records, but she did not testify at trial.

DISCUSSION

On appeal, the defendant claims that her three-year sentence is excessive, because the trial judge failed to justify her sentence with reasons pursuant, to LSA- *506 C.Cr.P. art. 894.1. The defendant only challenges the length of her sentence as excessive. She does not challenge any other terms of the sentence. The State responds that the defendant is limited to a constitutional review of her sentence because she did not file a motion to reconsider sentence. The State further asserts that the record supports the sentence.
In this case, defendant did not make or file a motion to reconsider sentence. This Court has recognized that the failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only. State v. Pendelton, 00-1211 (La.App. 5 Cir. 3/14/01), 783 So.2d 459, 465, writ denied, 01-1242 (La.1/25/02), 807 So.2d 243. The defendant is not entitled to a review of her argument concerning the trial court’s noncompliance with Article 894.1, since she did not raise that issue in a motion to reconsider sentence. See, State v. Fairley, 02-168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, 816. Accordingly, we review the defendant’s sentence for constitutional exces-siveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992). In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether, the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing the sentence. State v. Allen, 03-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 879.
 In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Id. at 880. The trial, judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed, even when the trial judge does not provide reasons for the sentence. State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 933, writ denied, 04-1640 (La.11/19/04), 888 So.2d 192.
Under LSA-R.S. 14:98(D), a third DWI conviction is punishable by imprisonment with or without hard labor for not less than one year nor more than five years and a fine of $2,000. Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.
In sentencing the defendant, the trial judge stated as follows:
THE COURT:
Ms. Ducote, on February 2nd, 2005 you went on trial before this Court on the charge of driving while intoxicated third offense, a violation of Louisiana Revised Statute 14:98. The Court found you guilty as charged with regard to that offense at the conclusion of the trial. You are here for sentencing today.
And based upon the Court’s finding of guilt as to driving while intoxicated third offense, the Court does hereby sentence you to serve three years at hard labor in the custody of the Department of Corrections of the State of Louisiana in accordance with the provisions of Louisi *507 ana Revised Statute 14:98, Paragraph D. All but 30 days of that sentence of imprisonment is suspended. The 30 days will be without the benefit of probation, parole or suspension of sentence.
Thereafter, the court imposed the conditions of the sentence previously mentioned.
According to the commitment, the defendant was 43 years old at sentencing on February 28, 2005. She has two prior DWI convictions, one in 2001 and one in 2000. Obviously, the defendant has a substance abuse problem with which she has not come to terms. In her brief, the defendant seeks to excuse her conduct by the fact that her intoxication was caused by prescription drugs combined with one-half of an alcoholic beverage. However, the trial judge was aware of all of this information, after having just heard the case less than 30 days before sentencing. In his reasons for finding the defendant guilty, the trial judge stated that the defendant’s medical records indicate that she had been prescribed prescription medication a month before the incident and that the defendant admitted to taking lathis medicine. The trial judge specifically found the defendant’s impaired condition was not due to her medical condition. Rather, the judge found that she was under the influence of a combination of alcohol and the drugs that she was taking. Further, the trial judge noted that the defendant had bumped Ms. Constantino’s vehicle and that Ms. Constantino had reported observing the defendant driving erratically.
Considering the testimony, evidence, and the applicable jurisprudence, we find that the trial judge did not abuse his discretion and that the defendant’s sentence is not excessive. Accordingly, this assignment of error is without merit.
The defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. After reviewing the record before us, we find no errors that require corrective action by this Court.

DECREE

For the reasons set forth above, we affirm defendant’s conviction and sentence.

AFFIRMED.

. According to the record, the defendant's probation was revoked on August 25, 2005 and her sentence was made executory. However, the probation revocation is not before this Court.

. It was later determined that the weapon was a pellet gun.

. Trooper Rozigas spelled the medication as "Zantac” on the interview form. She said that the defendant said "Xanax,” and when she asked how to spell the word, the defendant spelled "Zantac”, a stomach medication.