MARION F. EDWARDS, Chief Judge.
| jjDefendant/appellant, Nathan Pettus (“Pettus”), appeals his sentence of life imprisonment at hard labor after an adjudication of being a fourth felony offender. This is Pettus’ third appeal in this matter. He was originally charged with theft of goods valued at over $300 in violation of La. R.S. 14:67.10. After a jury convicted Pettus of the charge, the trial court sentenced him to two years at hard labor with credit for time served. Pettus appealed the matter to this Court. We affirmed that conviction.[1]
The State filed a bill of information alleging that Pettus was a fourth felony offender. After a hearing on the matter, the trial court found Pettus to be a fourth felony offender, vacated the original sentence, and sentenced him to life imprisonment. In a companion case, this Court affirmed the adjudication as a fourth felony offender. In that opinion we considered and rejected Pettus’ | ¡¡argument that the life sentence was constitutionally excessive. However, we remanded the matter to the trial court for clarification of sentence after an errors patent review of the record revealed that the trial court did not indicate if the sentence was to be served at hard labor.[2]
*1242 Pettus filed a motion for clarification of sentence, in accordance with this Court’s opinion, and the matter was taken up in the trial court. On remand, the trial court clarified that Pettus was sentenced as a fourth felony offender to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence to run consecutively with the sentence in case No. 08^f739.[3] Pettus appeals that sentence again asserting that it is constitutionally excessive. His argument in this appeal is the same as the one we considered in the former appeal, that his life sentence is excessive considering the last crime committed was a theft of three belts, valued at $307, from Dillard’s Department Store.
In our prior opinion, we stated:
Defendant was adjudicated a fourth felony offender based upon three prior convictions: (1) possession of cocaine in 24th Judicial District Court case number 98-9036; (2) obstruction of justice in 24th Judicial District Court case number 99-673; and (3) a conviction for bank robbery out of the United States District Court for the Southern District of Mississippi. In addition, Defendant pleaded guilty to possession of cocaine in St. Bernard Parish in 2000 and currently has pending charges in St. Tammany Parish and in the state of Georgia for bank robbery. Further, with respect to the obstruction of justice conviction, Defendant testified during the habitual offender hearing that the conviction stemmed from his arrest on a second degree murder charge.
In imposing the life imprisonment at hard labor sentence, the trial court considered the facts of the instant offense and Defendant’s lengthy criminal record. The trial court noted that Defendant told the victim, “Don’t make me get violent,” and that Defendant grabbed the victim and threw her to the ground. The trial court concluded that Defendant would continue to commit crimes during any period of not being incarcerated. The trial court further noted that Defendant had committed violent crimes in the past and indicated his opinion that any lesser sentence would deprecate [4the seriousness of the offense. Based on the record, and considering the facts of the instant offense combined with the defendant’s criminal history, we find that the sentence is not shocking or grossly disproportionate to Defendant’s behavior and is not constitutionally excessive.[4]
This matter was only remanded for clarification of sentence, not for re-sentencing. This Court did not vacate Pettus’ life sentence and specifically found that the sentence was not constitutionally excessive. Therefore, the issue of excessiveness has been resolved in our prior opinion and is now law of the case.
Under the doctrine of “law of the case,” an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case.[5] The law of the case doctrine is discretionary.[6] Reconsideration of a prior ruling is *1243 warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.[7]
In the matter before this Court, we find no reason to reconsider our prior ruling. Pettus has raised no new arguments, jurisprudence, or evidence to warrant our reconsideration. Accordingly, Pettus’ argument will not be considered in this opinion.
In our review of the record for errors patent, we find that Pettus was adjudicated a fourth felony offender pursuant to La. R.S. 15:529.1(A)(4)(a).[8] Such a sentence does not provide for a prohibition on parole.[9] However, on remand, the trial judge clarified that the enhanced sentence was to be served without benefit of parole, probation, or suspension of sentence. Accordingly, we find the trial court |fierred in restricting parole. We amend the sentence to allow for the possibility of parole in accordance with the applicable sentencing provisions and order the trial court to correct and amend the commitment to reflect the availability of parole.[10] We further order the Clerk of Court for the Twenty-Fourth Judicial District Court to transmit the original of the amended commitment to the officer in charge of the institution in which Pettus is incarcerated.[11]

SENTENCE AMENDED AND, AS AMENDED, AFFIRMED; MATTER REMANDED WITH ORDERS

. State v. Pettus, 10-215 (La.App. 5 Cir. 5/24/11), 68 So.3d 21, writ denied, 11-1325 (La. 12/2/11), 76 So.3d 1176.

. State v. Pettus, 10-777 (La.App.5 Cir. 5/24/11), 68 So.3d 28, writ denied, 11-1326 (La. 12/2/11), 76 So.3d 1176.

. The appeal of the conviction on that crime is also before this Court in State v. Pettus, 11-861 (La.App. 5 Cir. 5/22/12), 96 So.3d 584.

. State v. Pettus, 68 So.3d at 31.

. State v. Doussan, 05-586 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 339, writ denied, 06-608 (La. 10/13/06), 939 So.2d 372.

. State v. Lathers, 09-20 (La.App. 5 Cir. 5/26/09), 15 So.3d 1068, 1070, writ denied, 09-1341 (La.2/12/10), 27 So.3d 841.

. State v. Jacobs, 04-1219 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 88, writ denied, 05-2072 (La.4/28/06), 927 So.2d 282, cert. denied, 549 U.S. 956, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006).

. (4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.

. See also, La. R.S. 15:529.1(G).

. State v. Battaglia, 03-692 (La.App. 5 Cir. 11/25/03), 861 So.2d 704, 711, writ denied, 04-1701 (La.4/29/05), 901 So.2d 1058.

. State v. Collins, 09-283 (La.App. 5 Cir. 12/8/09), 30 So.3d 72, 88, writ denied, 10-34 (La.9/3/10), 44 So.3d 696.