HANS J. LILJEBERG, Judge.
|2On June 13, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kip A. Hunter, with fourth offense driving while intoxicated in violation of La. R.S. 14:98(A)(E). Defendant pleaded not guilty and moved to quash two prior predicate DWI convictions. The trial court denied the motion to quash and defendant sought supervisory review with this Court. This Court denied relief. State v. Hunter, 12-233 (La.App. 5 Cir. 3/9/12) (unpublished writ disposition).
Thereafter, defendant withdrew his plea of not guilty and entered a plea of guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the denial of his motion to quash. The trial court thereafter sentenced defendant to ten years imprisonment at hard labor; suspending all but two years, to be served without the benefit of probation, parole, or suspension of sentence. Following completion of the two years at hard labor, the court placed defendant on active probation for five years and ordered defendant to complete 40 eight-hour days of community service, to submit to a substance abuse Devaluation, and to submit to treatment in an inpatient facility for a period of at least four weeks to be followed by outpatient treatment for a period not to exceed 12 months. Additionally following completion of the inpatient treatment, defendant was ordered to be placed on home incarceration for two years of the probationary period. The court further fined defendant $5,000.00 and ordered him to pay all costs and fees associated with home incarceration and probation. The court also ordered defendant’s vehicle seized and sold at auction, if applicable, and ordered an interlock device installed in any vehicle defendant may operate during his probation. The court informed defendant that he is required to obtain employment and to participate in a court-approved driver improvement program at his expense upon his release from the Department of Corrections. The court further instructed that defendant’s activities outside the home during home incarceration are limited to travel to and from *785 work, church services, Alcoholics Anonymous meetings, and the driver improvement program. The trial court granted defendant’s motion for appeal.

Discussion

Assignment of Eiror No. 1

In his first assignment of error, defendant argues the trial court erred in denying his motion to quash. He contends that because two of his predicate DWI convictions were consolidated, thereby exposing him to two consecutive six month terms of imprisonment, i.e., one year, he was entitled to a trial by jury. He was not advised of this right and he pleaded guilty to both charges. As a result, he claims his pleas were invalid and ineligible to serve as predicates for the charged offense.
In response, the State argues that relief should be denied under law of the case since this Court previously ruled on this issue in defendant’s writ application. In the alternative, the State argues that defendant’s claim is meritless.
|4We agree with the State and find defendant is not entitled to appellate review of this issue based on the doctrine of law of the case. Under this doctrine, an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. State v. Petos, 11-862, p. 4 (La.App. 5 Cir. 5/22/12), 96 So.3d 1240, 1242. The law of the case doctrine is discretionary. Id.; See State v. Woodhead, 03-1036, p. 10 (La.App. 5 Cir. 1/27/04), 866 So.2d 995, 1001, writ denied, 04-0598 (La.7/2/04), 877 So.2d 144 (“A ruling denying supervisory writs does not bar reconsidering the issue on appeal and reaching a different conclusion.”). Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. Pettus, 11-862 at 4, 96 So.3d at 1242-43.
This Court previously reviewed the denial of defendant’s motion to quash in defendant’s writ application. This Court denied relief with the following disposition: “On the showing made, we find no error in the trial court’s denial of relator’s motion to quash the bill of information. Accordingly, this writ application is denied.” State v. Hunter, supra.
By this assignment of error, defendant effectively seeks to have this Court reconsider its prior ruling. However, defendant has not presented any evidence to indicate that the issue is now different, nor is any such difference evident from the record. In fact, the only major development since this Court’s prior ruling was defendant’s guilty plea. And in cases in which a defendant, who has pleaded guilty, seeks appellate review of an issue previously denied in a supervisory writ application, this Court has invoked law of the case and declined to revisit the issue on appeal. See, e.g., State v. Lewis, 10-1022 (La.App. 5 Cir. 9/27/11), 75 So.3d 495, 501; State v. Louis, 05-141, p. 4 (La.App. 5 Cir. 7/26/05), 910 So.2d 464, 466-67; State v. Holliman, 04-1195, pp. 3-4 (La.App. 5 Cir. 3/29/05), 900 So.2d 999, 1001. Moreover, defendant has not presented any new evidence to indicate this Court’s previous ruling was patently erroneous or produced unjust results.
Louisiana Constitution Article 1, Section 17 mandates that a case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict. Further, La.C.Cr.P. art. 799 provides:
A. A defendant charged with a misdemeanor in which the punishment as *786 set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
With respect to defendant’s prior misdemeanor convictions, defendant was twice charged and convicted of La. R.S. 14:98. The offenses for which he was convicted occurred on separate dates (October 3, 1998 and November 3, 1998), and defendant was charged by separate bills of information. Each case was assigned its own docket number (S691680 and S696902, respectively), and the matters were maintained as separate records. Although defendant pleaded guilty in both cases on the same date, separate minute entries were maintained for each docket number, separate Waiver of Rights forms were executed, separate sentences were imposed, and separate Commitment orders were prepared. At no point were the two cases ever consolidated but were always maintained separately. See State v. Comeaux, 408 So.2d 1099 (La.1981). As the two predicate convictions arose from two separate cases, defendant had no right to a trial by jury as to either challenged predicate conviction. As such, the trial court properly denied defendant’s motion to quash and we decline to reconsider our previous ruling on appeal.

|(⅜Assignment of Error No. 2

In his second assignment of error, defendant claims that his sentence is indeterminate because the trial court did not specify the duration he is to serve in an inpatient treatment facility. During sentencing, the trial court ordered that defendant submit to treatment in an inpatient facility for a period of “at least four weeks.” Defendant argues that the language “at least” renders the sentence indeterminate.
In Louisiana, “[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.” La. C.Cr.P. art. 879. At the time of the offense,[1] La. R.S. 14:98(E)(l)(b)(i) provided in pertinent part that a fourth DWI offender must ...
... immediately undergo an evaluation by the Department of Health and Hospitals, office of behavioral health to determine the nature and extent of the offender’s substance abuse disorder and to participate in any treatment plan recommended by the office of behavioral health, including treatment in an inpatient facility approved by the office for a period of not less than four weeks followed by outpatient treatment services for a period not to exceed twelve months.

(Emphasis added).

In support of his argument, defendant cites State v. Bellow, 08-259, p. 20 (La.App. 5 Cir. 7/29/08), 993 So.2d 307, 318, writ denied, 08-2109 (La.4/13/09), 5 So.3d 162, in which this Court found the defendant’s sentence was indeterminate because the trial court ordered that “at least 5 years” of the sentence be served without benefit of probation, parole, or suspension of sentence. Bellow, however, is factually distinguishable from the instant case.
*787 In Bellow, the portion of the sentence to be served without benefits is determined and imposed by the trial court. See La. C.Cr.P. art. 871(A) (“A sentence is the penalty imposed by the court_”) (Emphasis added). Therefore, |7the trial court was required to impose a determinate sentence. The term “at least” rendered the sentence indeterminate.
Conversely, in the instant case, the amount of time served in the inpatient treatment facility beyond the minimum four week period by statute is determined by the office of behavioral health, not the trial court. The statute provides that defendant is “to participate in any treatment plan recommended by the office of behavioral health, including treatment in an inpatient facility approved by the office for a period of not less than four weeks.” The statute specifies the minimum, i.e., four weeks; any amount of time beyond that is to be “approved” by the office of behavioral health. Therefore, the trial court did not err in imposing sentence in conformity with the statute. Indeed, this Court has affirmed a DWI third offender’s sentence that included treatment in an inpatient facility for “not less than four weeks.” See State v. Ducote, 05-910 (La.App. 5 Cir. 3/28/06), 927 So.2d 503. In view of the foregoing, we find that defendant’s sentence is not indeterminate.
This assignment of error lacks merit.

Error Patent

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990).
A review of the record reveals that the trial court failed to make any mention of electronic monitoring, curfew restrictions, or home visitation as required by La. R.S. 14:98(E)(3)(a). Also, the record does not reflect that defendant was given a certificate of conditions of home incarceration, as required by La. R.S. 14:98(E)(3)(c) and La.C.Cr.P. art. 894.2(D).
In State v. Delanueville, 11-379, pp. 21-22 (La.App. 5 Cir. 2/14/12), 90 So.3d 15, 28-30, writ denied, 12-0630 (La.9/21/12), 98 So.3d 325, this Court found similar deficiencies rendered the sentence illegally lenient.[2] In Delanueville, the trial court failed to order the defendant’s vehicle seized and sold as required by La. R.S. 14:98(E)(2)(a), failed to specify the conditions of home incarceration as required by La. R.S. 14:98(E)(3)(a) and (b), and failed to provide defendant with a certificate of conditions of home incarceration as required by La. R.S. 14:98(E)(3)(c) and La. C.Cr.P. art. 894.2(D). As a result, this Court vacated the sentence and remanded for resentencing. Delanueville, 11-379 at 22, 90 So.3d at 30.
In light of similar deficiencies in defendant’s sentence, we find the sentence is likewise illegally lenient. Consequently, defendant’s sentence is vacated and the matter is remanded for resentencing for clarification and compliance with La. R.S. 14:98(E).

CONVICTION AFFIRMED; SENTENCE VACATED & REMANDED

. It is well-settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520.

. The defendant in Delanueville was convicted of DWI-fourth offense. Delanueville, 11-379 at 2, 90 So.3d at 18.