MARC E. JOHNSON, Judge.
| gDef'endant, Larry James Fontenette, Jr., seeks an error patent review of his conviction for fourth offense driving while intoxicated from the 24th Judicial District Court, Division “H”. For the following reasons, we affirm Defendant’s conviction, vacate the sentence, and remand the matter with instructions. In addition, we grant appellate counsel’s motion to withdraw.
FACTS AND PROCEDURAL HISTORY
On November 8, 2012, 'the Jefferson Parish District Attorney filed a bill of information charging Defendant with fourth offense driving while intoxicated (DWI) in violation of La. R.S. 14:98(A)(E). The State alleged in the bill of information that on or about May 26, 2012, Defendant violated La. R.S. 14:98(A)(E) in that he willfully and unlawfully operated a motor vehicle while intoxicated while having three previous DWI convictions: the first time being on February 5, 2004, under docket number 238361, Texas Court at Law # 3, County of Jefferson, State of Texas; the second time being on August 22, 2011, under docket number 286067, Texas Court at Law # 3, County of [sJefferson, State of Texas; and the third time being on August 22, 2011, under docket number 286696, Texas Court at Law # 3, County of Jefferson, State of Texas.
Defendant was arraigned on January 15, 2013 and pleaded not guilty. On September 30, 2013, Defendant withdrew his not guilty plea and pleaded guilty as charged. The trial judge then sentenced Defendant *882 to ten years in the Department of Corrections, with eight years of the sentence suspended and two years to be served without benefit of parole, probation, or suspension of sentence. The trial judge placed Defendant on active probation for two years with home incarceration as a condition of the probation. The trial judge also ordered him to pay a $5,000.00 fine. On October 24, 2013, Defendant filed a timely motion to reconsider sentence that was denied on December 17, 2018. On October 28, 2013, Defendant filed a timely motion for appeal, which was granted on December 2, 2013.
ANDERS REVIEW
Defendant seeks an error patent review of the record.[1] Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108,1110-11,[2] appointed appellate counsel has filed a brief asserting that she has made' a conscientious and thorough review of the entire appellate record, including the procedural history and facts, and has not found any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record.
14After receiving appellate counsel’s brief and motion to withdraw; this Court performed a full examination of all the appellate record to determine whether the appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241 (per curiam). Our independent examination of the record in the instant case consisted of (1) a review of the bill of information to ensure that Defendant was properly charged; (2) a review of all minute entries to ensure that Defendant was present at all crucial stages of the proceedings and that the conviction and sentence are legal; and (3) a review of the guilty plea and sentencing transcript to determine if there was an arguable basis for appeal. We find no non-frivolous issues regarding Defendant’s conviction.
However, we note that the trial judge, when sentencing Defendant, failed to specify the conditions of home incarceration, as required by La. R.S. 14:98(E)(3)(a) and (b), and failed to provide Defendant with a certificate of conditions of home incarceration, as required by La. R.S. 14:98(E)(3)(c) and La.C.Cr.P. art. 894.2(D). As such, we vacate the sentence and remand the matter for resentencing and compliance with La. R.S. 14:98(E) and La.C.Cr.P. art. 894.2(D). See State v. Hunter, 13-82 (La.App. 5 Cir. 7/30/13); 121 So.3d 782, 787.
Because appellate counsel’s, brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertión, we affirm Defendant’s conviction and grant appellate counsel’s motion to withdraw as attorney of record.
DECREE
For the foregoing reasons, we affirm Defendant’s conviction for fourth offense *883 driving while intoxicated. In .addition, we vacate Defendant’s sentence and |firemand the matter for resentencing in accordance with the instructions provided in this opinion. ■ Furthermore, we grant appellate counsel’s motion to withdraw.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED MOTION TO WITHDRAW GRANTED.

. This Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990), regardless of whether a defendant makes such a request.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176, 1177 (per curiam ).