# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-118

LUIS HERNANDEZ

VERSUS

LOUISIANA WORKERS' COMPENSATION CORPORATION, ET AL.

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
### OFFICE OF WORKERS' COMPENSATION, DISTRICT 9
### PARISH OF ST. MARTIN, DOCKET NO. 14-00557
### HONORABLE ELIZABETH LANIER, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy and James T. Genovese, Judges.

**AFFIRMED; MOTION TO DISMISS APPEAL DENIED.**

Gregory E. Bodin
Robert L. Blankenship
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, LA 70801
(225) 381-7000
**ATTORNEY FOR DEFENDANT/APPELLANT**
    Louisiana Workers' Compensation Corporation

Anne K. Smith
Ogwyn Bonaventure, LLC
4224 Bluebonnet Blvd., Suite B
Baton Rouge, LA 70809
(225) 302-7188
**ATTORNEY FOR DEFENDANT/APPELLEE**
    UNO Enterprises, LLC

Scott M. Hawkins
Hawkins & Associates, L.L.C.
4224 Bluebonnet Blvd., Suite B
Baton Rouge, LA  70809
(225) 302-7188
**ATTORNEY FOR DEFENDANT/APPELLEE**
    UNO Enterprises, LLC

Dennis Paul Juge
Juge, Napolitano, Guilbeau, Ruli & Frieman
3320 West Esplanade Avenue North
Metairie, LA  70002
(504) 831-7270
**ATTORNEY FOR DEFENDANT/APPELLEE**
    UNO Enterprises, LLC

Craig D. Little
Little & Boquest Law Firm
233 N. College Rd.
Lafayette, LA  70506
(337) 234-1932
**ATTORNEY FOR PLAINTIFF/APPELLEE**
    Luis Hernandez

Eric J. Waltner
Allen & Gooch
P.O. Box 81129
Lafayette, LA  70598-1129
(337) 291-1000
**ATTORNEY FOR DEFENDANT/APPELLEE**
    M. Matt Durand, LLC

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

In this case, Plaintiff, Luis Hernandez, suffered an injury while cutting timber to be used in the construction of a boat ramp. This ramp was being built on Bayou Teche in Loreauville, Louisiana. Bayou Teche is a navigable waterway and the ramp was to be used to launch boats into the waterway. The uncontested facts establish Plaintiff was not injured while on the ramp, but while working in a grassy area between thirty and one hundred feet from the ramp.

Plaintiff was an employee of UNO Enterprises, LLC, who assigned him to work under the direction and control of M. Matt Durand, LLC. Durand, a heavy construction company, was hired by Breaux's Bay Craft to build the ramp.

As a result of sustaining his injury, On January 30, 2014, Plaintiff filed a 1008 disputed claim for compensation with the Office of Workers' Compensation (OWC). UNO Enterprises was named as his employer, and Louisiana Workers' Compensation Corporation (LWCC) as UNO's workers' compensation insurer. LWCC answered the 1008 claim, admitting it was UNO's workers' compensation carrier. However, LWCC denied coverage for Plaintiff's claim, asserting Plaintiff was a longshoreman under the Longshoreman & Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. 901-950, and thus, LWCC's policy did not provide coverage for LHWCA benefits.

UNO subsequently filed a third party demand, naming Durand as the statutory employer of Plaintiff. Shortly thereafter, Plaintiff amended his 1008 claim to add Durand as an additional employer. Durand filed a cross-claim against UNO and LWCC, alleging if it was liable as the borrowing employer for benefits, then UNO and LWCC were liable for half.

On July 9, 2014, Durand filed a Motion for Partial Summary Judgment on the issue of whether the OWC possessed subject matter jurisdiction. LWCC also

3

filed an Exception of Lack of Subject Matter Jurisdiction. The motion and exception were heard together in a single hearing before the OWC, after which the workers' compensation judge (WCJ) granted Durand's motion for partial summary judgment and denied LWCC's exception of lack of subject matter jurisdiction. The WCJ found Plaintiff's claims were not governed by the LHWCA, but were compensable under Louisiana's workers' compensation laws. A review of the WCJ's oral reasons, rendered in open court, reveal she relied on the fact that Plaintiff "was hired for construction purposes and he was doing construction work. . . . What is clear is that the work this employee was doing was on land."

LWCC then filed a writ application with this court to review the ruling on the exception, which was the proper procedural vehicle to challenge the ruling on the exception. This court denied the writ application, "find[ing] no error in the Workers' Compensation court's ruling."

LWCC then filed the present appeal on the granting of Durand's motion for partial summary judgment, asserting that the WCJ erred in finding the LHWCA does not apply in this case.

**ANALYSIS**

### I.  *Law of the Case.*

In response to LWCC's appeal, Durand filed a motion to dismiss the appeal. It based the motion on this Court's previous denial of LWCC's writ application seeking reversal of the trial court's denial of their exception of lack of subject matter jurisdiction. *Hernandez v. La. Workers' Comp. Corp.*, 14-1055 (La.App. 3 Cir. 11/13/14) (unpublished opinion). Arguing the record on appeal is identical to that of the writ application, and the same arguments were advanced again, Durand contends our previous writ application should be considered the "law of the case," and the appeal dismissed.

4

A prior denial of supervisory writs does not preclude reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion. *State v. Castleberry*, 98-1388, p. 5 (La. 4/13/99), 758 So.2d 749, *cert. denied*, 528 U.S. 893, 120 S.Ct. 220 (1999). Under the doctrine of "law of the case," an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. *Clement v. Reeves*, 07-1154, 07-1155 (La.App. 3 Cir. 1/30/08), 975 So.2d 170, *writ denied*, 08-482 (La. 4/18/08), 978 So.2d 355; *State v. Pettus*, 11-862 (La.App. 5 Cir. 5/22/12), 96 So.3d 1240. The law of the case doctrine is discretionary. *Id*. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. *Id*. Although, we find no error in the decision by this court on the writ, and acknowledge there has been no new evidence presented, we feel it in the best interests of justice that a written discussion of the parties' arguments be undertaken. Thus, in our discretion, we decline to apply the law of the case doctrine in this instance, and will entertain LWCC's appeal.

## II. *Is Plaintiff's Injury Within the Confines of the LHWCA?*

In the present case, there are no significant factual disputes. Instead, this matter involves a question of law, i.e., whether the WCJ properly applied the LHWCA to the facts herein in determining it had jurisdiction over Plaintiff's claim. "[W]hen there are errors of law asserted on appeal, the appellate court must make a determination whether the workers' compensation judge's ruling was legally correct." *Miller v. Blacktype Farms*, 06-1202, p. 4 (La.App. 3 Cir. 3/7/07), 952 So.2d 867, 870 (citing *McClain v. Pinecrest Dev. Ctr.*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112).

The sole issue before this court is whether Plaintiff was within the jurisdictional confines of the LHWCA at the time of his injury. For the LHWCA to cover an

5

employee, the employee must meet the "situs" and "status" requirements listed in the LHWCA. See *Julien v. Dynamic Industries, Inc.*, 10-520 (La.App. 3 Cir. 11/3/10), 52 So.3d 174, (citing *Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 105 S.Ct. 1421 (1985)). The "situs" requirement involves the location where the employee's work is performed, and is found in 33 U.S.C. § 903(a), and provides:

> Except as otherwise provided in this section, compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel).

The "status" requirement is found in 33 U.S.C. §§ 902(3) and 902(4), which provide, in pertinent part:

> (3) The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker. . . .
>
>     . . . .
>
> (4) The term "employer" means an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel).

LWCC argues the WCJ erred in not finding that both the situs and status requirements of the LHWCA are fulfilled under the facts of this case. After a thorough review of the record, we find no error on the WCJ's part.

Initially, LWCC attempts to establish the situs requirement by contending Plaintiff was essentially engaged in the building of a "pier" in the form of a boat launch. Undoubtedly, LWCC likens the boat ramp to a pier because a pier is a statutorily enumerated situs under the LHWCA. We find this argument unpersuasive. As noted by appellees, the United States Court of Appeals for the Ninth Circuit in *Hurston v. Director, Office of Workers Compensation Programs*,

989 F.2d 1547, 1553 (9th Cir. 1993), held a pier for the purposes of the LHWCA is "a structure built on pilings extending from land to navigable water." There was no evidence presented to establish the boat ramp was a "structure built on pilings extending from land to navigable water," and it is self-evident that a boat ramp does not extend into the water on pilings. As the Ninth Circuit stated in *Hurston,* whether a facility is a "pier" is a pure factual question in the absence of a definition in the LHWCA. *Id.* at 1553. Thus, it cannot be said the WCJ erred in concluding the boat ramp was not a pier for purposes of the LHWCA.

LWCC also contends the "injury in this matter occurred on an area customarily adjoining navigable waters, which would bestow situs." We do not agree. To fulfill the LHWCA's situs requirement, a plaintiff's injury must occur on an enumerated situs, or an "adjoining area customarily used by an employer in loading, unloading, repairing, dismantling or building a vessel." 33 U.S.C. § 903(a).

There was no evidence to establish the adjoining area in question here was customarily used by an employer in loading, unloading, repairing, dismantling or building a vessel. It was undisputed that Plaintiff was not injured while on the ramp, but while working on a grassy area at least thirty feet from the ramp. Moreover, the area where Plaintiff was injured had not been previously used for maritime activities, as it was well off the bank, and was simply a grassy field where Plaintiff performed his construction activities.

Thus, we find nothing in the record to establish the WCJ committed any legal error in finding the area where Plaintiff was injured was not a covered situs under the LHWCA.

As to its argument on "status," LWCC argues that "maritime employment," as contemplated in 33 U.S.C. §§ 902(3) and 902(4), extends to any worker whose employment involves an essential part of the process of the five types of maritime

7

activity specifically set out by the LHWCA: loading, unloading, repairing, building and dismantling a vessel. Appellees note the United States Supreme Court in *Herb's Welding*, 470 U.S. 414, held the "maritime employment" requirement serves to function as a limitation on the expanded definitions of navigable waters. The court explained as follows:

> The expansion of the definition of navigable waters to include rather large shoreside areas necessitated an affirmative description of the particular employees working in those areas who would be covered. This was the function of the maritime employment requirement. But, Congress did not seek to cover all those who breathe salt air. It's purpose was to cover those workers on the situs who are involved in the essential elements of loading and unloading; it is "clear that persons who are on the situs but not engaged in the overall process of loading or unloading vessels are not covered." *Northeast Marine Terminal Co. v. Caputo*, 449 U.S., at 267, 97 S.Ct., at 2359. While "maritime employment" is not limited to the occupations specifically mentioned in § 2(3), neither can it be read to eliminate any requirement of a connection with the loading or construction of ships. As we have said, the "maritime employment" requirement is "an occupational test that focuses on loading and unloading." *P.C. Pfeiffer Co. v. Ford*, 444 U.S. 69, 80, 100 S.Ct. 328, 336, 62 l.Ed 225 (1979). The Amendments were not meant "to cover employees who are not engaged in loading, unloading, repairing, or building a vessel, just because they are injured in an area adjoining navigable waters used for such activity." H.R.Rep. No. 92-1441, p. 11 (1972); S.Rep. No. 92-1125, p. 13 (1972), U.S.Code Cong. & Admin.News 1972, p. 4708. We have never read "maritime employment" to extend so far beyond those actually involved in moving cargo between ship and land transportation.

Id. 470 U.S. at 423-24, 105 S.Ct. at 1427-28.

In applying the *Herb's Welding* analysis in this case, the Plaintiff was performing work on property used to construct physical reinforcements to stabilize the earth around a boat launch. This does not automatically qualify him as a maritime employee. The WCJ found Plaintiff's construction-type activities were directed toward the land, as opposed to the waters, and were not duties essential to any of the five enumerated activities specified by the LHWCA. Thus, we cannot say the WCJ legally erred in finding Plaintiff's involvement, as it was, in the

building of this boat ramp was employment sufficient to trigger the application of the LHWCA.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the motion for partial summary judgment is affirmed. All costs of this appeal are assessed to appellant, LWCC.

**AFFIRMED; MOTION TO DISMISS APPEAL DENIED.**