KENNON, Judge.
Plaintiff has appealed from a judgment of the District Court sustaining defendant’s exception of res adjudicata and dismissing his suit against the Arkansas Louisiana Gas Company in which he sought, in an original and supplemental petition, to recover $1,-250.51, allegedly due him as a refund by virtue of defendant’s having “renounced” a contract between the parties.
In its exception, defendant asserted that plaintiff’s demand in the present suit is the same demand previously asserted by him, as plaintiff in reconvention, in his answer and reconventional demand in the cause entitled Arkansas Louisiana Gas Company v. Blanchard, in which the present defendant, then plaintiff, was awarded judgment for the amount alleged in the petition to be due it under its interpretation of a contract between itself and Blanchard dated December 10, 1946.
This judgment was affirmed by the Court of Appeal, 46 So.2d 646, and application for writs was denied by the Supreme Court.
The first suit between the two parties, upon which the plea of res adjudicata is founded, was based on a billing dispute. The present plaintiff, defendant in that suit, ■after denying the gas company’s claims against him, assumed the position of' plaintiff in reconvention and asked for judgment against the gas company for a small sum on the ground that this company had improperly calculated the first of several annual refunds due him “under the installation contract” of December 10, 1946, above referred to. The District Court, after trial, rendered judgment in favor of the gas company for the full amount of its asserted claim. This judgment was silent as to Mr. Blanchard’s reconventional demand, based on his interpretation of the “installation contract.”
In the present suit, Mr. Blanchard’s petition sets forth again his interpretation oí the December 10, 1946 contract, and interprets certain quoted language from the opinion of the Court of Appeal affirming the District Court judgment against him in the first suit, as being favorable to the contention made by him there (and here) in support of his reconventional • demand in the first suit. The present petition further recites that, after writs of review of this Court of Appeál 'opinion were refused by the Supreme Court, he called upon defendant and made demand for the refunds due in accordance with the interpretation of the contract which he had set forth in support of his reconventional demand. After reciting that the gas company had refused to make the demanded refund, the petition set forth that “this refusal to make a refund on the entire gas consumption based on the total billings in line with the decision of the Court of Appeal was taken as a renunciation of this December 10, 1946, contract, and petitioner there and then accepted it as a renunciation and called upon defendant to make a refund of the deposit of ($1545.00), less the amount already refunded and less the amount of the judgment, and called upon defendant to remove their meter and line that was installed on this contract.”
Although the petition recites other dealings between plaintiff and defendant, a reading of the prayer shows that the decision of the issue presented by the present suit rests entirely on a determination of the validity of the December 10, 1946 contract between the parties, the present plaintiff asking in the prayer that the amounts paid by him to the gas company under the “renounced contract” be refunded.
Plaintiff’s demand in the present case to have the contract declared null and void, or, in his language “renounced,” is based upon the same contention he made in support of his reconventional demand in the former case, namely, that the company in both instances breached the December 10, 1946 contract by failing to refund to Blanchard an amount equal to 20% of the price of gas consumed by him through two meters located on , opposite sides of Ricou Street in the City of Shreveport.
The District Court set forth the applicable rule of law and authorities supporting same in the following paragraph from his well reasoned opinion: “Judgment in a former suit bars as res judicata a second action wherein the thing demanded is the same, the demand is founded on the same cause of action, and the demand is be *852 tween the same parties and formed by them against each other in the same quality. C.C. Articles 2285, 2286; Schexnayder v. Unity Ind. Life Ins. Co., La.App., 174 So. 154; Elfer v. Marine Eng. Ben. Ass’n, La.App., 7 So.2d 409.”
We shall not here further reiterate the details of the controversy between these parties, which are set forth in our former decision reported in 46 So.2d 646, except to consider whether or not the judgment of the District Court as affirmed by this Court constituted judicial determination of the same cause of action and “thing demanded” as is presented by plaintiff’s present petition.
We agree with the finding of the District Court that the elements of the plea of res adjudicata prescribed by Article 2286 of the Civil Code are present in that the thing demanded is the same, namely, a money judgment; the cause of action is the same, namely, the alleged improper method of refunding under the refunding clause of the contract; and the demand is between the same parties and formed by them against each other in the same quality, i. e., as signers of the same contract.
Plaintiff here contends that the former suit did not reject his reconventional demand for the reason that it was silent on the subject. We find the authorities against him on this point. The applicable principle is tersely set forth in the following quotation from Rains v. Thomason & Champion, 17 La.App. 120, 135 So. 92, 94: “As regards the reconventional demand, the lower court said nothing in its judgment which is equivalent to rejection.”
Plaintiff quotes certain language of the Court of Appeal opinion which is consistent with his contended interpretation of the contract. Be that as it may, the fact remains that the decree of the Court of Appeal was an outright affirmance of the judgment of the District Court, and even if it be granted-that certain language of the opinion was inconsistent with the decree, the decree is controlling and the judgment affirmed therein has become final through the denial of writs.
The judgment appealed from is affirmed, with costs.