KEATY, Judge.
1¶ Plaintiffs/Appellants, Russell Maricle and Mary Francis Maricle, appeal the trial court’s judgment granting a cross motion for summaiy judgment in favor of Defendant/Appellee, Axis Medical & Fitness Equipment, LLC. For the following reasons, the trial court’s judgment is reversed.
FACTS & PROCEDURAL HISTORY
This products liability matter arose after Mr. Maricle sustained injuries from a defective wheelchair that he was using during his recovery for injuries sustained in an automobile -collision. The wheelchair was provided by Axis who delivered it to him on Januaiy 8, 2018, On April 27, 2013, Mrs. Maricle was pushing him in his wheelchair up a ramp when the back of his wheelchair ripped, causing Mr. Maricle to fall backwards, hit his head on the pavement, and reinjure his neck.
As a result, Plaintiffs filed suit on June 26, 2013, which was amended and supplemented, against Axis, Dalton Medical Corporation, and Dalton Instrument' Corporation (hereinafter the two' Dalton entities will be referred to as “Dalton”), alleging that the wheelchair was defective in design and/or manufacture - by Dalton and that Axis “knew or should have known of the defects in the [wjheelchair, because it should have inspected the [w'Jheelchair before delivery!/]” Plaintiffs also alleged that Axis was “in the business of renting medical equipment.” On May 9, 2014, Plaintiffs filed their second-supplemental and amending petition for damages and asserted a redhibitory claim against Axis and Dalton. On that same day, Axis filed a cross claim against Dalton, seeking tort indemnification for redhibitory and/or manufacturing defects. -Also -on that same day, Axis filed a motion for summary judgment seeking dismissal of. Plaintiffs’ claims, alleging that it was not negligent under La.Civ.Code art. 2317.1, which governs a custodian’s pliability for damages caused by defective things. In opposition, .Plaintiffs argued that Axis was strictly ha-ble as a lessor pursuant to La.Civ.Code arts. 2696-97, which govern a lessor’s warranties against vices or defects. The foregoing pleadings were timely filed in accordance with the trial court’s May 9, 2014 deadline for amendment of pleadings.
After the deadline passed, Plaintiffs and Dalton participated in a mediation, which resulted in them settling their products liability claim against Dalton while reserving their rights against Axis., Axis did not participate in the mediation, and on June 5, 2014, it filed a supplemental cross claim against Dalton, asserting á products liability claim and alleging comparative fault. Plaintiffs and Dalton each filed motions to strike Axis’s supplemental cross claim as untimely in light of the May 9, 2014 deadline. Dalton also filed an exception of prescription and argued that Axis’s redhi-bition claims asserted in its original cross claim had prescribed.
After the June 30,. 2014 hearing on the pending motions, the trial court orally denied Axis’s motion for summary judgment, holding that Plaintiffs’ pleadings contained “sufficierit allegations” that made it “clear that the wheelchair was leased to Mr. Mar-icle[ ]” and that. “Axis has understood from the beginning that that’s the-basis of the claim here.” This was reduced to writing in .the trial court’s September 16, 2014 judgment. Approximately one month pri- or, on August 13, 2014, the trial court *700 signed another written judgment granting Plaintiffs’ and Dalton’s motions to strike and dismissing Axis’s cross claim and amended cross claim. The trial court also granted Dalton’s exception of prescription.
Axis appealed the August 13, 2014 judgment prior to the scheduled trial on the merits. Axis also filed a motion to stay the judgment pending an appeal on September 2, 2014, which Plaintiffs opposed. Following a hearing on September 8, |s2014, the trial court denied Axis’s motion to stay the judgment pending an appeal and bifurcated the trial between liability and damages, with the trial on the damages to begin on September 10, 2014. This was memorialized in the trial court’s written Order signed on September 10, 2014. According to the December 31, 2014 written reasons for judgment and its January 27,2015 written judgment on damages, the trial court fixed Plaintiffs’ general damages at $150,000 plus medical special damages.
In the meantime, Axis’s pending appeal was heard by another panel of this court, and on May 6, 2015, it affirmed the trial court’s August 13, 2014 judgment. Mancle v. Axis Med. & Fitness Equip., LLC, 14-1249 (La.App. 3 Cir. 5/6/15), 2015 WL 2125950 (unpublished opinion). This court held that “[t]he only remaining issue concerns the Marides’ claims against Axis for its alleged negligent failure to inspect.” Id. at 4.
Plaintiffs subsequently filed a motion for summary judgment on May 20, 2015, alleging that Axis was strictly liable as a lessor under La.Civ.Code arts. 2696-97. Axis filed a cross motion for summary judgment on June 11, 2015, arguing that the only allegations against Axis arose from its' alleged negligent failure to inspect the wheelchair prior to delivery. Axis asserted that it was not liable since there were no visible defects in the wheelchair prior to or at the time of its- delivery to Mr. Mari-de. After the July 13, 2015 hearing on the pending motions, the trial court granted Axis’s cross motion for summary judgment and dismissed Plaintiffs’ claims with prejudice, which was reduced to writing in the August 26, 2015 judgment. In its written reasons for judgment rendered on July 23, 2015, the trial court referenced our previous holding in Maride, 14-1249, and stated that the only' remaining • issue was whether Axis negligently inspected the [.¡wheelchair. Plaintiffs appealed the trial court’s granting of Axis’s cross motion for summary judgment.
On appeal, Plaintiffs assert the following four assignments of error:
1. The trial court committed legal error when it .granted summary judgment in favor of Axis Medical & Fitness Equipment, LLC based on Louisiana Civil Code [Ajrtiqle 2317.1, as that Civil Code article does not apply in this case.
2. The trial court committed legal error when it denied Russell and Mary Maricle’s motion for summary judgment, as the Court was presented with proof that Axis leased a defective wheelchair to Russell Maride, and that Russell Maride was injured . due to the defect, as provided in Louisiana Civil Code [Ajrticles 2696[,] et seq.
3. The trial court erred, and this Court erred, in holding that the only issue for trial was active negligence on the part of Axis, as .that issue was not properly before the Third Circuit Court of Appeal in the prior appeal in this case, and it[,] therefor[,] had no.value as “law of the case.”
4. The trial court erred in casting plaintiffs with all of Axis’[s] court costs, as a previous Judgment of the trial court dated August 13, 2014 *701 cast Axis with certain court costs, and that Judgment was appealed and affirmed and is[,] therefore[,] final.
STANDARD OF REVIEW
In Whitbeck v. Champagne, 14-245, p. 9 (La.App. 3 Cir. 10/1/14), 149 So.3d 372, 379, this court stated the following:
Summary judgments are reviewed de novo, applying the same standard to the matter as that applied by the trial court. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgment is favored by law and provides a vehicle by which the just,. speedy, and inexpensive determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to.judgment as a matter of law.” La.Code Civ.P. art. 966(B.)(2).
We will, therefore, use the de novo standard of review in the instant matter.
I .¡DISCUSSION
I. First Assignment of Error
In their first assignment of error, Plaintiffs contend that the trial court legally erred by granting Axis’s cross motion for summary judgment based on negligence under La.Civ.Code art. 2317-1, which provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by - the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Plaintiffs argue that the trial court should have used La.Civ.Code arts. 2696-97 and determined that Axis was strictly liable as the wheelchair’s lessor. A lessor’s warranty against vices or defects is codified at La.Civ;Code art. 2696 and provides:
The lessor warrants the lessee that the thing is suitable for the purpose for which it was leased and that it is free of vices or defects that prevent its use for that purpose.
This warranty also extends to vices or defects that arise after the delivery of the thing and are not attributable to the fault of the lessee.
This warranty “also encompasses vices or defects that are not known to the lessor. However, if the lessee knows of such vices or defects and fails to notify the lessor, the. lessee’s recovery for breach of warranty may be reduced accordingly.” La.Civ. Code art. 2697.
With respect to the instant matter, the trial court referenced the Maricle, 14-1249, opinion in its July 23, 2015 written reasons for judgment and stated that “the only remaining issue before this court is whether or not Axis negligently inspected the wheelchair.” The trial court noted that “Mr. Maride has alleged that he was injured by a defective thing, a wheelchair, owned or leased by Axis. As such, La. |fiC.C. art. 2317.1 is the applicable substantive law[.]” We find that the trial court’s reliance on La.Civ.Code art. 2317.1 was erroneous as it was not the law of the case, which argument was advanced by Axis’s counsel at the hearing on the cross motions for summary judgment and is dis *702 cussed in more detail in the following, section.
Additionally, liability under La. Civ.Code art. 2317.1 requires proof' that “ ‘the thing was in the defendant’s custody and control[.]’ ” Davis v. Am. Legion Hosp., 06-608, p. 3 (La.App. 3 Cir. 11/2/06), 941 So.2d 712, 714 (quoting Roberson v. Lafayette Oilman’s Sporting Clays Shoot, Inc., 05-1285, p. 5 (La.App. 3 Cir. 4/12/06), 928 So.2d 703, 705-06). “Custody and control is largely a question of fact, not law[.]” Hesse v. Champ Serv. Line, 05-1565, p. 3 (La.App. 3 Cir. 6/7/06), 933 So.2d 247, 250, writs denied, 06-2156, 06-2176 (La.11/22/06), 942 So.2d 555, 556. “ ‘[C]ustodyor ‘garde’ of a thing cannot lie in both an owner and a lessee simultaneously.” Pamplin v. Bossier Parish Cmty. Coll., 38,533, p. 7 (La.App. 2 Cir. 7/14/04), 878 So.2d 889, 893, writ denied, 04-2310 (La.1/14/05), 889 So.2d 266 (quoting Guillory v. Foster, 93-996 (La.App. 3 Cir. 3/2/94), 634 So.2d 1372, 1375). In this case, the facts show that Axis did not have garde of the wheelchair after delivering it to Mr. Maride on January 8, 2013. The trial court, therefore, erred by using La. Civ.Code art. 2317.1 in its analysis,
Moreover, Axis never cited La.Civ,Code art. 2317.1 as a basis for liability, in its cross motion for summary judgment, The use of La.Civ.Code art. 2317.1 was also rejected by the trial court at the June 30, 2014 hearing, wherein it denied Axis’s original motion for summary judgment by stating the following with respect to Plaintiffs’ pleadings:
|7I don’t know that the pleadings are as artfully drafted as his pleadings normally are or that he would have liked. But I think that there is sufficient allegations that it’s clear that the wheelchair was leased to Mr. Maride. I think pleadings are clear enough — it’s clear to me that Axis has understood from the beginning that that’s the basis of the claim here. And so for those reasons I’m going to deny yoür motion for summary judgment.
Since this matter involves the granting of a motion for summary judgment, we will perform a de novo review. In this case, Plaintiffs attempted to show the existence of a lease by attaching the following exhibits in support of their motion for summary judgment and in opposition of Axis’s cross motion for summary judgment:
• The transcript from the June 30, 2014 hearing wherein Axis’s counsel . stated that “Axis leased the wheelchair to the Marides” and “⅜ was .technically a lease, at this,time[;]”
•, The Acceptance of Service and Policies and the Medicare Capped, .Rental Notification executed between Mr. Maricle’s. daughter on his behalf and ., Axis which shows that they chose the “Rental Option” “For Capped Rental Items,” which includes equipment such as wheelchairs; .
• A-billing statement from Axis to Mr. Maride showing the monthly rental price for the wheelchair;
• The-Sales Agreement executed between Dalton, as the manufacturer of the wheelchair; and Axis which shows that Dalton’s warranty “does not cover" commercial use, of its products; ,
• . The transcript of the, September 8, 2014 hearing on Axis’s motion to stay pending an appeal wherein Axis’s counsel stated that the, matter involved a wheelchair that was “rented [to] plaintiffs[ ]” and that “If that wheelchair was defective, then my client could be held, liable as lessor of the wheelchair.” .
• Axis’s memorandum in support of its motion for summary judgment which *703 was filed on May 20, 2015 and stated that Axis “delivered a wheelchair”-to Plaintiffs’ home and based on Mr. Maricle’s height, “Axis rented a 20-inch lightweight wheelchair which was rated for 250 pounds.”
|sThe foregoing shows that the trial court ignored the evidence indicating that Axis leased the wheelchair to Plaintiffs. The trial court should have used - La. Civ. Code arts. 2696-97 in its analysis, which is discussed in more detail below. Accordingly, the trial court committed legal error by granting Axis’s cross motion for summary judgment based on negligence under La.Civ.Code art. 2317.1, and its judgment is reversed in this regard. .
II. Second Assignment of Error
In their second assignment of error, Plaintiffs contend that the trial court legally erred in denying their motion for summary judgment and granting Axis’s cross motion for summary judgment since it had proof that Axis leased a defective wheelchair to Mr. Maride and that he was injured due to the defect as provided in La.Civ.Code arts. 2696-97. In support, Plaintiffs contend that Louisiana’s lease articles apply to moveables, which encompasses a lessor’s warranty against hidden defects. Plaintiffs contend that they are not required to prove the cause of the defect in light of Marien v. General Insurance Co. of America, 02-545 (La.App. 3 Cir. 12/11/02), 836 So.2d 239.
In Marien, the plaintiff pilot was injured in an airplane crash and brought suit for damages against the defendant, Barham Bros., Inc., the plane’s owner and lessor. The defendant argued' on appeal that the trial court erred in finding it'liable without proof of a defect. We noted that the trial court found that a defect existed, according to its reasons for judgment, because “it accepted as fact that the control stick jammed causing the accident[,]” which led to the trial court’s finding' that “Barham Bros., as lessor of the aircraft, was strictly liable for the defective condition of the aircraft.” Id. at 243. The defendant further argued that the trial court erred by holding that the plaintiff did not need to prove the defect’s cause. |9We indicated that it was undisputed that the plaintiff leased the plane from the defendant such that the trial court correctly applied La. Civ.Códe art. 2695, which stated:
• The lessor guarantees the lessee against all the vices -and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the- time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall bé bound to indemnify him for -the same.
Id. at 243. We noted'that “ ‘[t]his provision applies to the lease of both immov-ables and movables.’ ’” Id. (quoting Walnut Equip. Leasing Co., Inc. v. Moreno, 26,004 (La.App. 2 Cir. 9/21/94), 643 So.2d 327, 331). We stated that in order to recover under La.Civ.Code art! 2695, “it is not necessary to prove the cause of the defect[ ]” and “[a] lessee must prove only the existence of the defect.” Id. We' held that in light of the trial' testimony and circumstantial evidence, it was “sufficient to show that it is more probable than not that a. defect in the -plane existed, and caused the accident.” Id. at 245.
Even though Marien references La.Civ. Code art. 2695, which was revised in 2005, its principles are codified in La.Civ.Code arts. 2696-97. Shubert v. Tonti Dev. Corp., 09-348 (La.App. 5 Cir. 12/29/09), 30 So.3d 977, writ denied, 10-241 (La.4/9/10), 31 So.3d 393. We, therefore, use Marien *704 as guidance in this case. In that regard, this case is similar .to Manen in that the evidence and testimony - show that Mr. Maride leased the wheelchair from Axis. Marien, therefore, warrants application of La.Civ.Code arts. 2696-97 in this matter, and we must determine whether Plaintiffs proved the existence of a defect by direct and/or circumstantial evidence.
|inIn addition to the evidence discussed in the section above, Plaintiffs attempted to prove the existence of a defect by attaching the June 30, 2014 hearing transcript wherein Axis’s counsel stated that approximately three months following its delivery of the wheelchair to Mr.. Maride, “the back of the wheelchair ripped out and Mr. Maride fell and re-injured himself[.]” Therein, Axis’s counsel admitted that there was “no evidence that Axis knew or could have known about whatever defect was in the fabric of the wheelchair upon delivery.” Plaintiffs attached the deposition testimony of Dalton’s corporate representative, Jim Lein, who testified that he was unsure as to how the wheelchair came apart. Plaintiffs also attached Mr. Maricle’s deposition testimony wherein he indicated that the wheelchair back came apart during its ordinary use causing him to fall onto the pavement and sustain injuries. In its motion for summary judgment, Plaintiffs pointed to Axis’s First Supplemental and Amending Cross Claim wherein it confessed that the wheelchair it rented was defective as follows:
2.
[Axis] affirmatively shows that the wheelchair manufactured by Dalton Medical and/or Dalton Instrument was unreasonably dangerous in construction or composition in that at- the time the product left Dalton’s control, the product deviated in a material way from Dalton’s specifications or performance standards for the wheelchair which were specified for use by persons weighing .less than 220 pounds.
3.
[Axis] affirmatively shows that the wheelchair in question was unreasonably dangerous because of inadequate warning that the back of the wheelchair was susceptible to wearing and that the tip bars in the wheelchair should be used at all times was not provided by Dalton Medical and/or Dalton Instrument.
Jii4.
[Axis] affirmatively shows that the wheelchair in question was unreasonably dangerous because it did not conform to the expressed warranty of Dalton in that it failed after less than six months use.
Plaintiffs attached Axis’s Designation of Record for Appeal requesting .that the following portions of the record be designated: the transcripts of all hearings prior to September 9, 2014, and all exhibits and pleadings filed prior to September 9, 2014. In its opposition to Axis’s cross motion for summary judgment, Plaintiffs attached Axis’s discovery responses wherein it stated that Jeff Johnson and Devereaux Ma-Neaux “[w]ill testify about the wheelchair at issue, rental of the wheelchair to plaintiff.”
Accordingly, the trial court legally erred in denying Plaintiffs’ motion for summary judgment and granting Axis’s cross motion for summary judgment since it had proof that Axis leased a defective wheelchair to Mr. Maride and that he was injured due to the defect as provided in La.Civ.Code arts. 2696-97. The trial court’s judgment is, therefore, reversed in this regard.
III. Third Assignment of Error
In their third assignment of error, Plaintiffs contend that the trial court erred *705 and this court erred in its previous decision in Maride, 14-1249, in holding'that the only issue was for Axis’s active, negligence. That issue, according to Plaintiffs, was not properly before this court in Mar-ide because the trial court’s September 1.6, 2014 denial of Axis’s original, motion-tfor summary judgment was not appealed and had no value as the “law of the case.”
The “law of the the case” doctrine provides that:
[Ajn appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the. same case. The law of the casé doctrine is discretionary. Reconsideration of a prior ruling is |12warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.
Hernandez v. Louisiana Workers’ Comp. Corp., 15-118, p. 5 (La.App. 3 Cir. 6/3/15), 166 So.3d 456, 459 (citations omitted). Since the doctrine is discretionary, a prior appellate court ruling “does not preclude reconsideration of an issue on appeal, hor does it prevent the appellate court from reaching a different conclusion.” Id., at 458. The doctrine also recognizes “the binding force of trial court rulings during later stages of the trial[.]” Kaleel v. Div. Transp., 00-803, p. 1 (La.App. 3 Cir. 8/23/00), 769 So.2d 110, 111, writ denied, 00-2976 (La.12/15/00), 777 So.2d 1232 (quoting Petition of Sewerage & Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973)).
Axis argues in opposition that the law of the case doctrine is applicable and points to this court’s holding in Maride, 14-1249, p. 3 (emphasis added), wherein we held:
The Marides did not assert claims against Axis for products liability but for failure to properly inspect the wheelchair before renting it to them. These facts, as alleged, do not show the mere constructive or derivative fault of Axis .but rather, assert that Axis. was actively negligent in its actions. This recovery is not sought on a technical, constructive, or vicarious theory and accordingly, Axis could not be cast in judgment for mere technical or passive fault and would not be entitled to indemnity from Dalton. See Threlkeld v. Haskins Law Firm, 922 F.2d 265 (5th Cir.1991). This is bolstered by the settlement and dismissal of the Marides’ claims against Dalton, whereby the products liability claims with regard to the wheelchair have been resolved. The only remaining issue concerns the Marides’ claims against Axis for its alleged negligent failure to inspect. See Hesse v. Champ Serv. Line, 02-284 (La.App. 3 Cir. 10/2/02), 828 So.2d 687. Since Axis was not entitled to indemnity for its own alleged negligence, we cannot find error in the trial court’s determination that the original cross-claim sounded in redhibition only.
Axis argues that the foregoing holding means that the trial coúrt found that Plaintiffs’ petition failed to assert a strict liability claim under La.Civ.Code arts. |1S2696-97, meaning that La.Civ.Code art. 2317.1 was the applicable law of the case which the trial court in this matter was required to follow. We disagree with Axis as to the applicability of the law of the case doctrine for the following reasons.
Pending motions were heard in this matter on June 30,2014, including Axis’s original motion for summary judgment which it filed on May .9, 2014 wherein it denied any liability for its alleged negligence pursuant to La.Civ.Code art, 2317.1. In opposition, Plaintiffs argued that Axis was strictly liable as a lessor pursuant to La.Civ.Code arts. 2696-97. At the June 30, 2014 hearing, the .trial court orally denied Axis’s original .motion for summary judgment, *706 stating that Plaintiffs’ pléadings contained “sufficient allegations” that made it “clear that the wheelchair was leased to Mr. Mar-ide! ]” and that “Axis has understood from the beginning that that’s the basis of the claim here.” This was reduced to .writing in the trial court’s September 16, 2014 judgment. Prior to that written judgment, the trial court rendered a different written judgment on August 13, 2014, regarding other motions that were also argued at the June 30, 2014 hearing. Therein, the trial court granted Plaintiffs’ and Dalton’s motions to strike, dismissed Axis’s cross claim and amended cross claim, and granted Dalton’s exception of prescription. Axis then filed its motion to appeal the August 13, 2014 judgment and sought designation of all pleadings, exhibits, and transcripts of hearings “in this matter prior to September 9, 2014[ ]” for appeal. The September 16, 2014 judgment denying Axis’s original motion for summary judgment, therefore, was not,the subject of Axis’s appeal in Maride, 14-1249. , ■
The only issues on appeal in our previous case as asserted by Axis in its assignments of error were as follows: “the trial court erred in holding that [Axis’s] original cross-claims prescribed! ] and that the trial court erred in striking [Axis’s] | Usupplemental cross-claims as untimely.” Maride, 14-1249, p. 2. Axis, however, never specified as an assignment of error that its motion for summary judgment had been denied. Its specified errors only dealt with Axis’s claims against Dalton. Moreover, Axis never asked this court to limit Plaintiffs’■ remedies based'on the-allegations in the pleadings. Axis’s reliance on the Maride, 14-1249, holding with respect to Plaintiffs’ claims, therefore, is inapplicable considering Uniform Rules— Courts of Appeal, Rule 1-3, which provides, in pertinent part: “The Courts of Appeal will'review only .issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.”' Since a lessor’s iiability pursuant to La.Civ;Code arts. 2696-97 was not presented as an issue in an assignment of error in Maride, 14-1249, the law of the case doctrine is inapplicable in this matter.
Accordingly, the trial court erred in finding that the only remaining issue was for Axis’s active negligence, and its judgment is reversed in this regard.
IY. Foiirth Assignment of Error
In their fourth assignment of error, Plaintiffs contend that the trial court erred in casting them with all of .«Axis’s court costs, as a pi’evious judgment dated August 13, 2014, cast Axis with certain court costs, and that judgment was appealed, affirmed, and final. Plaintiffs argue that should we rule , in Axis’s favor, it should only recover costs incurred following the August 13, 2014 judgment regarding Axis’s motion for summary judgment.
We decline to address this assignment of error in light of our reversal.
DECREE
■ The trial court’s granting' of a cross motion for summary judgment in favor of Defendant/Appellee, Axis Medical & Fitness Equipment, LLC,* is reversed.- All | ir,costs associated with this appeal shall be . assessed to Defendant/Appellee, Axis Medical & Fitness.Equipment, LLC...
REVERSED.