NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**17-109**

RUSSELL MARICLE, ET UX.

VERSUS

AXIS MEDICAL & FITNESS EQUIPMENT, LLC, ET AL.

**\*\*\*\*\*\*\*\*\*\***

SUPERVISORY WRIT APPLICATION FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 247,765
HONORABLE W. GREGORY BEARD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**

**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Andrew P. Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Axis Medical & Fitness Equipment, LLC**

**Charles D. Elliott**
**Charles Elliott & Assoc., LLC**
**720 Murray Street**
**Alexandria, LA 71301**
**(318) 704-6511**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
    **Russell Maricle**
    **Mary Francis Maricle**

**SAUNDERS, Judge.**

This case has been before this court in two prior appeals: *Maricle v. Axis Med. & Fitness Equip.*, 14-1249 (La.App. 3 Cir. 5/6/15) (unpublished opinion), and *Maricle*, 15-1063 (La.App. 3 Cir. 5/4/16), 191 So.3d 697, *writ denied*, 16-1016 (La. 9/16/16). This court set forth the pertinent background its published decision as follows:

> This products liability matter arose after Mr. Maricle sustained injuries from a defective wheelchair that he was using during his recovery for injuries sustained in an automobile collision. The wheelchair was provided by Axis who delivered it to him on January 8, 2013. On April 27, 2013, Mrs. Maricle was pushing him in his wheelchair up a ramp when the back of his wheelchair ripped, causing Mr. Maricle to fall backwards, hit his head on the pavement, and reinjure his neck.
>
> As a result, Plaintiffs filed suit on June 26, 2013, which was amended and supplemented, against Axis, Dalton Medical Corporation, and Dalton Instrument Corporation (hereinafter the two Dalton entities will be referred to as "Dalton"), alleging that the wheelchair was defective in design and/or manufacture by Dalton and that Axis "knew or should have known of the defects in the [w]heelchair, because it should have inspected the [w]heelchair before delivery[.]" Plaintiffs also alleged that Axis was "in the business of renting medical equipment." On May 9, 2014, Plaintiffs filed their second supplemental and amending petition for damages and asserted a redhibitory claim against Axis and Dalton. On that same day, Axis filed a cross claim against Dalton, seeking tort indemnification for redhibitory and/or manufacturing defects. Also on that same day, Axis filed a motion for summary judgment seeking dismissal of Plaintiffs' claims, alleging that it was not negligent under La.Civ.Code art. 2317.1, which governs a custodian's liability for damages caused by defective things. In opposition, Plaintiffs argued that Axis was strictly liable as a lessor pursuant to La.Civ.Code arts. 2696–97, which govern a lessor's warranties against vices or defects. The foregoing pleadings were timely filed in accordance with the trial court's May 9, 2014 deadline for amendment of pleadings.
>
> After the deadline passed, Plaintiffs and Dalton participated in a mediation, which resulted in them settling their products liability claim against Dalton while reserving their rights against Axis. Axis did not participate in the mediation, and on June 5, 2014, it filed a supplemental cross claim against Dalton, asserting a products liability claim and alleging comparative fault. Plaintiffs and Dalton each filed motions to strike Axis's supplemental cross claim as untimely in light of the May 9, 2014 deadline. Dalton also filed an exception of

prescription and argued that Axis's redhibition claims asserted in its original cross claim had prescribed.

After the June 30, 2014 hearing on the pending motions, the trial court orally denied Axis's motion for summary judgment, holding that Plaintiffs' pleadings contained "sufficient allegations" that made it "clear that the wheelchair was leased to Mr. Maricle[ ]" and that "Axis has understood from the beginning that that's the basis of the claim here." This was reduced to writing in the trial court's September 16, 2014 judgment. Approximately one month prior, on August 13, 2014, the trial court signed another written judgment granting Plaintiffs' and Dalton's motions to strike and dismissing Axis's cross claim and amended cross claim. The trial court also granted Dalton's exception of prescription.

Axis appealed the August 13, 2014 judgment prior to the scheduled trial on the merits. Axis also filed a motion to stay the judgment pending an appeal on September 2, 2014, which Plaintiffs opposed. Following a hearing on September 8, 2014, the trial court denied Axis's motion to stay the judgment pending an appeal and bifurcated the trial between liability and damages, with the trial on the damages to begin on September 10, 2014. This was memorialized in the trial court's written Order signed on September 10, 2014. According to the December 31, 2014 written reasons for judgment and its January 27, 2015 written judgment on damages, the trial court fixed Plaintiffs' general damages at $150,000 plus medical special damages.

In the meantime, Axis's pending appeal was heard by another panel of this court, and on May 6, 2015, it affirmed the trial court's August 13, 2014 judgment. *Maricle v. Axis Med. & Fitness Equip., LLC,* 14–1249 (La.App. 3 Cir. 5/6/15), 2015 WL 2125950 (unpublished opinion). This court held that "[t]he only remaining issue concerns the Maricles' claims against Axis for its alleged negligent failure to inspect." *Id.* at 4.

Plaintiffs subsequently filed a motion for summary judgment on May 20, 2015, alleging that Axis was strictly liable as a lessor under La.Civ.Code arts. 2696–97. Axis filed a cross motion for summary judgment on June 11, 2015, arguing that the only allegations against Axis arose from its alleged negligent failure to inspect the wheelchair prior to delivery. Axis asserted that it was not liable since there were no visible defects in the wheelchair prior to or at the time of its delivery to Mr. Maricle. After the July 13, 2015 hearing on the pending motions, the trial court granted Axis's cross motion for summary judgment and dismissed Plaintiffs' claims with prejudice, which was reduced to writing in the August 26, 2015 judgment. In its written reasons for judgment rendered on July 23, 2015, the trial court referenced our previous holding in *Maricle,* 14–1249, and stated that the only remaining issue was whether Axis negligently inspected the

wheelchair. Plaintiffs appealed the trial court's granting of Axis's cross motion for summary judgment.

On appeal, Plaintiffs assert the following four assignments of error:

1. The trial court committed legal error when it granted summary judgment in favor of Axis Medical & Fitness Equipment, LLC based on Louisiana Civil Code [A]rticle 2317.1, as that Civil Code article does not apply in this case.

**2. The trial court committed legal error when it denied Russell and Mary Maricle's motion for summary judgment, as the Court was presented with proof that Axis leased a defective wheelchair to Russell Maricle, and that Russell Maricle was injured due to the defect, as provided in Louisiana Civil Code [A]rticles 2696[,]** *et seq.*

3. The trial court erred, and this Court erred, in holding that the only issue for trial was active negligence on the part of Axis, as that issue was not properly before the Third Circuit Court of Appeal in the prior appeal in this case, and it[,] therefor[,] had no value as "law of the case."

4. The trial court erred in casting plaintiffs with all of Axis'[s] court costs, as a previous Judgment of the trial court dated August 13, 2014 cast Axis with certain court costs, and that Judgment was appealed and affirmed and is[,] therefore[,] final.

191 So.3d at 699-701 (emphasis added).

In the second opinion quoted above, this court concluded that the trial court erred in granting summary judgment to Axis and clearly reversed that judgment in the decree at the conclusion of the opinion, wherein this court stated, "The trial court's granting of a cross motion for summary judgment in favor of Defendant/Appellee, Axis Medical & Fitness Equipment, LLC, is reversed." 191 So.3d at 706.

After reviewing Plaintiffs' second assignment of error that the trial court had erred in failing to grant Plaintiffs' cross motion for summary judgment against

3

Axis, this court found that the trial court erred. Although this court's decree was silent as to Plaintiffs' motion for summary judgment, in the body of the opinion, this court also stated,

> Accordingly, the trial court legally erred in denying Plaintiffs' motion for summary judgment and granting Axis's cross motion for summary judgment since it had proof that Axis leased a defective wheelchair to Mr. Maricle and that he was injured due to the defect as provided in La.Civ.Code arts. 2696–97. The trial court's judgment is, therefore, reversed in this regard.

191 So.3d at 704.

Upon returning to the trial court, Plaintiffs filed the subject Motion for Entry of Judgment. Plaintiffs asserted that this court's second opinion in *Maricle* had ordered that the trial court's judgment denying Plaintiffs' motion for summary judgment on liability had been reversed and thereby ordered the trial court to grant Plaintiffs' motion. Axis filed an opposition to Plaintiffs' motion, arguing that Axis was still entitled to challenge whether it should be held 100% liable to Plaintiffs or whether Dalton could be assigned a percentage of the fault, up to 100%. The trial court agreed with Axis and denied Plaintiffs' motion for Entry of Judgment. Plaintiffs have filed the instant writ application, asking "that this Court grant this writ application, and that this Court give them the ruling on their motion for summary judgment, which has already been ordered by this Court, and end this litigation, and for any other legal or equitable relief proper in the premises." Axis has filed an opposition to Plaintiffs' writ application, and Plaintiffs' have filed a reply brief to that opposition.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir.

4

3/23/07), 960 So.2d 931, 933.  *But see* La.Code Civ.P. art. 2083, comment (b), "Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs."

## ON THE MERITS

In opposing Plaintiffs' motion for Entry of Judgment, Axis argues that this court's first opinion in this case held that neither Plaintiffs nor Axis had made a claim based on the Louisiana Products Liability Act (LPLA) and that Plaintiffs had no claim based on strict liability against Axis.  Yet, in the second opinion issued by this court, this court held that the trial court erred in denying Plaintiffs' motion for summary judgment based on the application of strict liability and La.Civ.Code arts. 2696-97.  Therefore, Axis contends that these two opinions are contradictory and that, as a result, Axis should be permitted to challenge this court's finding in the second opinion that it is 100% liable in causing Plaintiffs' injuries.  Axis asserts that, pursuant to the first opinion by this court, Plaintiffs' claims sound purely in negligence, i.e., that Axis negligently inspected the wheelchair it rented for Mr. Maricle to use.  Therefore, Axis posits that it should be permitted to raise any fault on the part of Dalton in defense of Plaintiffs' claims.

Given the nature of the issue presented, it is necessary to quote extensively from this court's prior opinion in *Maricle*, 191 So.3d at 701-06 (emphasis in original)[1]:

> **I.** *First Assignment of Error*
>
> In their first assignment of error, Plaintiffs contend that the trial court legally erred by granting Axis's cross motion for summary judgment based on negligence under La.Civ.Code art. 2317.1, which provides:

---

[1] Since this court's opinion in docket number 15-1063 quotes and paraphrases the necessary portions of this court's opinion in docket number 14-1249, quoting from the latter opinion would result in unnecessary redundancy.

5

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Plaintiffs argue that the trial court should have used La.Civ.Code arts. 2696–97 and determined that Axis was strictly liable as the wheelchair's lessor. A lessor's warranty against vices or defects is codified at La.Civ.Code art. 2696 and provides:

The lessor warrants the lessee that the thing is suitable for the purpose for which it was leased and that it is free of vices or defects that prevent its use for that purpose.
This warranty also extends to vices or defects that arise after the delivery of the thing and are not attributable to the fault of the lessee.

This warranty "also encompasses vices or defects that are not known to the lessor. However, if the lessee knows of such vices or defects and fails to notify the lessor, the lessee's recovery for breach of warranty may be reduced accordingly." La.Civ.Code art. 2697.

With respect to the instant matter, the trial court referenced the *Maricle,* 14–1249, opinion in its July 23, 2015 written reasons for judgment and stated that "the only remaining issue before this court is whether or not Axis negligently inspected the wheelchair." The trial court noted that "Mr. Maricle has alleged that he was injured by a defective thing, a wheelchair, owned or leased by Axis. As such, La. C.C. art. 2317.1 is the applicable substantive law[.]" We find that the trial court's reliance on La.Civ.Code art. 2317.1 was erroneous as it was not the law of the case, which argument was advanced by Axis's counsel at the hearing on the cross motions for summary judgment and is discussed in more detail in the following section.

Additionally, liability under La.Civ.Code art. 2317.1 requires proof that "'the thing was in the defendant's custody and control[.]'" *Davis v. Am. Legion Hosp.,* 06–608, p. 3 (La.App. 3 Cir. 11/2/06), 941 So.2d 712, 714 (quoting *Roberson v. Lafayette Oilman's Sporting Clays Shoot, Inc.,* 05–1285, p. 5 (La.App. 3 Cir. 4/12/06), 928 So.2d 703, 705–06). "Custody and control is largely a question of fact, not law [.]" *Hesse v. Champ Serv. Line,* 05–1565, p. 3 (La.App. 3 Cir. 6/7/06), 933 So.2d 247, 250, *writs denied,* 06–2156, 06–2176 (La.11/22/06), 942 So.2d 555, 556. "'[C]ustody' or 'garde' of a thing

cannot lie in both an owner and a lessee simultaneously." *Pamplin v. Bossier Parish Cmty. Coll., 38,533, p. 7 (La.App. 2 Cir. 7/14/04), 878 So.2d 889, 893*, *writ denied*, 04–2310 (La.1/14/05), 889 So.2d 266 (quoting *Guillory v. Foster, 93–996 (La.App. 3 Cir. 3/2/94), 634 So.2d 1372, 1375*). In this case, the facts show that Axis did not have garde of the wheelchair after delivering it to Mr. Maricle on January 8, 2013. The trial court, therefore, erred by using La.Civ.Code art. 2317.1 in its analysis.

Moreover, Axis never cited La.Civ.Code art. 2317.1 as a basis for liability in its cross motion for summary judgment. The use of La.Civ.Code art. 2317.1 was also rejected by the trial court at the June 30, 2014 hearing, wherein it denied Axis's original motion for summary judgment by stating the following with respect to Plaintiffs' pleadings:

> I don't know that the pleadings are as artfully drafted as his pleadings normally are or that he would have liked. But I think that there is sufficient allegations that it's clear that the wheelchair was leased to Mr. Maricle. I think pleadings are clear enough—it's clear to me that Axis has understood from the beginning that that's the basis of the claim here. And so for those reasons I'm going to deny your motion for summary judgment.

Since this matter involves the granting of a motion for summary judgment, we will perform a de novo review. In this case, Plaintiffs attempted to show the existence of a lease by attaching the following exhibits in support of their motion for summary judgment and in opposition of Axis's cross motion for summary judgment:

- The transcript from the June 30, 2014 hearing wherein Axis's counsel stated that "Axis leased the wheelchair to the Maricles" and "it was technically a lease at this time[;]"
- The Acceptance of Service and Policies and the Medicare Capped Rental Notification executed between Mr. Maricle's daughter on his behalf and Axis which shows that they chose the "Rental Option" "For Capped Rental Items," which includes equipment such as wheelchairs;
- A billing statement from Axis to Mr. Maricle showing the monthly rental price for the wheelchair;
- The Sales Agreement executed between Dalton, as the manufacturer of the wheelchair, and Axis which shows that Dalton's warranty "does not cover" commercial use of its products;
- The transcript of the September 8, 2014 hearing on Axis's motion to stay pending an appeal wherein Axis's counsel stated that the matter involved a

wheelchair that was "rented [to] plaintiffs[ ]" and that "If that wheelchair was defective, then my client could be held liable as lessor of the wheelchair."

- Axis's memorandum in support of its motion for summary judgment which was filed on May 20, 2015 and stated that Axis "delivered a wheelchair" to Plaintiffs' home and based on Mr. Maricle's height, "Axis rented a 20–inch lightweight wheelchair which was rated for 250 pounds."

The foregoing shows that the trial court ignored the evidence indicating that Axis leased the wheelchair to Plaintiffs. The trial court should have used La.Civ.Code arts. 2696–97 in its analysis, which is discussed in more detail below. Accordingly, the trial court committed legal error by granting Axis's cross motion for summary judgment based on negligence under La.Civ.Code art. 2317.1, and its judgment is reversed in this regard.

## II. *Second Assignment of Error*

In their second assignment of error, Plaintiffs contend that the trial court legally erred in denying their motion for summary judgment and granting Axis's cross motion for summary judgment since it had proof that Axis leased a defective wheelchair to Mr. Maricle and that he was injured due to the defect as provided in La.Civ.Code arts. 2696–97. In support, Plaintiffs contend that Louisiana's lease articles apply to moveables, which encompasses a lessor's warranty against hidden defects. Plaintiffs contend that they are not required to prove the cause of the defect in light of *Marien v. General Insurance Co. of America,* 02–545 (La.App. 3 Cir. 12/11/02), 836 So.2d 239.

In *Marien,* the plaintiff pilot was injured in an airplane crash and brought suit for damages against the defendant, Barham Bros., Inc., the plane's owner and lessor. The defendant argued on appeal that the trial court erred in finding it liable without proof of a defect. We noted that the trial court found that a defect existed, according to its reasons for judgment, because "it accepted as fact that the control stick jammed causing the accident[,]" which led to the trial court's finding that "Barham Bros., as lessor of the aircraft, was strictly liable for the defective condition of the aircraft." *Id.* at 243. The defendant further argued that the trial court erred by holding that the plaintiff did not need to prove the defect's cause. We indicated that it was undisputed that the plaintiff leased the plane from the defendant such that the trial court correctly applied La.Civ.Code art. 2695, which stated:

The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the

8

> lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.

*Id.* at 243. We noted that "'[t]his provision applies to the lease of both immovables and movables.'" *Id.* (quoting *Walnut Equip. Leasing Co., Inc. v. Moreno,* 26,004 (La.App. 2 Cir. 9/21/94), 643 So.2d 327, 331). We stated that in order to recover under La.Civ.Code art. 2695, "it is not necessary to prove the cause of the defect[ ]" and "[a] lessee must prove only the existence of the defect." *Id.* We held that in light of the trial testimony and circumstantial evidence, it was "sufficient to show that it is more probable than not that a defect in the plane existed and caused the accident." *Id.* at 245.

Even though *Marien* references La.Civ.Code art. 2695, which was revised in 2005, its principles are codified in La.Civ.Code arts. 2696–97. *Shubert v. Tonti Dev. Corp.,* 09–348 (La.App. 5 Cir. 12/29/09), 30 So.3d 977, *writ denied,* 10–241 (La.4/9/10), 31 So.3d 393. We, therefore, use *Marien* as guidance in this case. In that regard, this case is similar to *Marien* in that the evidence and testimony show that Mr. Maricle leased the wheelchair from Axis. *Marien,* therefore, warrants application of La.Civ.Code arts. 2696–97 in this matter, and we must determine whether Plaintiffs proved the existence of a defect by direct and/or circumstantial evidence.

In addition to the evidence discussed in the section above, Plaintiffs attempted to prove the existence of a defect by attaching the June 30, 2014 hearing transcript wherein Axis's counsel stated that approximately three months following its delivery of the wheelchair to Mr. Maricle, "the back of the wheelchair ripped out and Mr. Maricle fell and re-injured himself[.]" Therein, Axis's counsel admitted that there was "no evidence that Axis knew or could have known about whatever defect was in the fabric of the wheelchair upon delivery." Plaintiffs attached the deposition testimony of Dalton's corporate representative, Jim Lein, who testified that he was unsure as to how the wheelchair came apart. Plaintiffs also attached Mr. Maricle's deposition testimony wherein he indicated that the wheelchair back came apart during its ordinary use causing him to fall onto the pavement and sustain injuries. In [their] motion for summary judgment, Plaintiffs pointed to Axis's First Supplemental and Amending Cross Claim wherein it confessed that the wheelchair it rented was defective as follows:

2.

> [Axis] affirmatively shows that the wheelchair manufactured by Dalton Medical and/or Dalton Instrument was unreasonably dangerous in construction or composition in that at the time the product left

Dalton's control, the product deviated in a material way from Dalton's specifications or performance standards for the wheelchair which were specified for use by persons weighing less than 220 pounds.

3.

[Axis] affirmatively shows that the wheelchair in question was unreasonably dangerous because of inadequate warning that the back of the wheelchair was susceptible to wearing and that the tip bars in the wheelchair should be used at all times was not provided by Dalton Medical and/or Dalton Instrument.

4.

[Axis] affirmatively shows that the wheelchair in question was unreasonably dangerous because it did not conform to the expressed warranty of Dalton in that it failed after less than six months use.

Plaintiffs attached Axis's Designation of Record for Appeal requesting that the following portions of the record be designated: the transcripts of all hearings prior to September 9, 2014, and all exhibits and pleadings filed prior to September 9, 2014. In its opposition to Axis's cross motion for summary judgment, Plaintiffs attached Axis's discovery responses wherein it stated that Jeff Johnson and Devereaux MaNeaux "[w]ill testify about the wheelchair at issue, rental of the wheelchair to plaintiff."

Accordingly, the trial court legally erred in denying Plaintiffs' motion for summary judgment and granting Axis's cross motion for summary judgment since it had proof that Axis leased a defective wheelchair to Mr. Maricle and that he was injured due to the defect as provided in La.Civ.Code arts. 2696–97. The trial court's judgment is, therefore, reversed in this regard.

## III. *Third Assignment of Error*

In their third assignment of error, Plaintiffs contend that the trial court erred and this court erred in its previous decision in *Maricle,* 14–1249, in holding that the only issue was for Axis's active negligence. That issue, according to Plaintiffs, was not properly before this court in *Maricle* because the trial court's September 16, 2014 denial of Axis's original motion for summary judgment was not appealed and had no value as the "law of the case."

The "law of the the case" doctrine provides that:

> [A]n appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. The law of the case doctrine is discretionary. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.

*Hernandez v. Louisiana Workers' Comp. Corp.,* 15–118, p. 5 (La.App. 3 Cir. 6/3/15), 166 So.3d 456, 459 (citations omitted). Since the doctrine is discretionary, a prior appellate court ruling "does not preclude reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion." *Id.* at 458. The doctrine also recognizes "the binding force of trial court rulings during later stages of the trial[.]" *Kaleel v. Div. Transp.,* 00–803, p. 1 (La.App. 3 Cir. 8/23/00), 769 So.2d 110, 111, *writ denied,* 00–2976 (La.12/15/00), 777 So.2d 1232 (quoting *Petition of Sewerage & Water Bd. of New Orleans,* 278 So.2d 81, 83 (La.1973)).

Axis argues in opposition that the law of the case doctrine is applicable and points to this court's holding in *Maricle,* 14–1249, p. 3 (emphasis added), wherein we held:

> The Maricles did not assert claims against Axis for products liability but **for failure to properly inspect the wheelchair before renting it to them.** These facts, as alleged, do not show the mere constructive or derivative fault of Axis but rather, assert that **Axis was actively negligent in its actions.** This recovery is not sought on a technical, constructive, or vicarious theory, and accordingly, Axis could not be cast in judgment for mere technical or passive fault and would not be entitled to indemnity from Dalton. *See Threlkeld v. Haskins Law Firm,* 922 F.2d 265 (5th Cir.1991). This is bolstered by the settlement and dismissal of the Maricles' claims against Dalton, whereby the products liability claims with regard to the wheelchair have been resolved. **The only remaining issue concerns the Maricles' claims against Axis for its alleged negligent failure to inspect.** *See Hesse v. Champ Serv. Line,* 02–284 (La.App. 3 Cir. 10/2/02), 828 So.2d 687. Since Axis was not entitled to indemnity for its own alleged negligence, we cannot find error in the trial court's determination that the original cross-claim sounded in redhibition only.

Axis argues that the foregoing holding means that the trial court found that Plaintiffs' petition failed to assert a strict liability claim under La.Civ.Code arts. 2696–97, meaning that La.Civ.Code art. 2317.1 was the applicable law of the case which the trial court in this matter was required to follow. We disagree with Axis as to the applicability of the law of the case doctrine for the following reasons.

11

Pending motions were heard in this matter on June 30, 2014, including Axis's original motion for summary judgment which it filed on May 9, 2014 wherein it denied any liability for its alleged negligence pursuant to La.Civ.Code art. 2317.1. In opposition, Plaintiffs argued that Axis was strictly liable as a lessor pursuant to La.Civ.Code arts. 2696–97. At the June 30, 2014 hearing, the trial court orally denied Axis's original motion for summary judgment, stating that Plaintiffs' pleadings contained "sufficient allegations" that made it "clear that the wheelchair was leased to Mr. Maricle[ ]" and that "Axis has understood from the beginning that that's the basis of the claim here." This was reduced to writing in the trial court's September 16, 2014 judgment. Prior to that written judgment, the trial court rendered a different written judgment on August 13, 2014, regarding other motions that were also argued at the June 30, 2014 hearing. Therein, the trial court granted Plaintiffs' and Dalton's motions to strike, dismissed Axis's cross claim and amended cross claim, and granted Dalton's exception of prescription. Axis then filed its motion to appeal the August 13, 2014 judgment and sought designation of all pleadings, exhibits, and transcripts of hearings "in this matter prior to September 9, 2014[ ]" for appeal. The September 16, 2014 judgment denying Axis's original motion for summary judgment, therefore, was not the subject of Axis's appeal in *Maricle,* 14–1249.

The only issues on appeal in our previous case as asserted by Axis in its assignments of error were as follows: "the trial court erred in holding that [Axis's] original cross-claims prescribed[ ] and that the trial court erred in striking [Axis's] supplemental cross-claims as untimely." *Maricle,* 14–1249, p. 2. Axis, however, never specified as an assignment of error that its motion for summary judgment had been denied. Its specified errors only dealt with Axis's claims against Dalton. Moreover, Axis never asked this court to limit Plaintiffs' remedies based on the allegations in the pleadings. Axis's reliance on the *Maricle,* 14–1249, holding with respect to Plaintiffs' claims, therefore, is inapplicable considering Uniform Rules—Courts of Appeal, Rule 1–3, which provides, in pertinent part: "The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Since a lessor's liability pursuant to La.Civ.Code arts. 2696–97 was not presented as an issue in an assignment of error in *Maricle,* 14–1249, the law of the case doctrine is inapplicable in this matter.

Accordingly, the trial court erred in finding that the only remaining issue was for Axis's active negligence, and its judgment is reversed in this regard.

From the foregoing extensive quotation taken from this court's second opinion in this matter, it is readily apparent that the second panel was well aware

of the statements made by this court's first opinion in this case. Despite this knowledge, the second opinion found that the trial court erred in denying Plaintiffs' motion for summary judgment on liability against Axis based on strict liability. As pointed out by Plaintiffs in their writ application, Axis submitted no evidence to support a finding that Plaintiffs bear any portion of fault in this accident. Rather, Axis focuses its intent to reduce its potential liability by contending that the manufacturer's fault should be considered. This court found this argument to be without merit in the second opinion rendered in this case.[2]

Plaintiffs' motion for summary judgment that was subject to review in this court's second opinion began with the statement, "NOW INTO COURT, through undersigned counsel, come plaintiffs, Russell Maricle and Mary Francis Maricle, who move that the Court grant summary judgment on the issue of liability against defendant, Axis Medical & Fitness Equipment, LLC. ("Axis")." This court's opinion held that the trial court erred in denying this motion for summary judgment and ordered that the trial court's ruling be reversed. This issue was properly before this court, even though the judgment denying Plaintiffs' motion for summary judgment was interlocutory, because it was assigned as error in the appeal of the final judgment granting Axis's cross motion for summary judgment. *See Wagner v. Inn of Lake Charles*, 10-17 (La.App. 3 Cir. 11/3/10), 49 So.3d 592, *writ denied*, 11-181 (La. 3/25/11), 61 So.3d 669. Therefore, this court has already ruled that Plaintiffs' motion for summary judgment on liability should be granted.

The decree in this court's second opinion reads, "The trial court's granting of a cross motion for summary judgment in favor of Defendant/Appellee, Axis

---

[2] As noted by the Plaintiffs, Axis filed a writ application with the supreme court challenging this court's second opinion in which application Axis asserted that the supreme court should reverse the second opinion insofar as it contradicted the holding from the first opinion. However, despite this argument, the supreme court denied Axis's writ application without additional language other than "[d]enied" and without any concurring or dissenting opinion by any of the justices.

Medical & Fitness Equipment, LLC, is reversed. All costs associated with this appeal shall be assessed to Defendant/Appellee, Axis Medical & Fitness Equipment, LLC." Axis cites this court to *Blanchard v. Arkansas Louisiana Gas Co.*, 51 So.2d 850, 852 (La.App. 2 Cir. 1951), wherein that court concluded, "the decree of the Court of Appeal was an outright affirmance of the judgment of the District Court, and even if it be granted that certain language of the opinion was inconsistent with the decree, the decree is controlling." Thus, according to Axis, even if language in this court's second opinion indicated that the trial court's ruling denying Plaintiffs' motion for summary judgment was reversed, the decree is controlling since it did not mention Plaintiffs' motion, and Plaintiffs' motion was not granted by this court.

We find that Axis's argument regarding the decree language is irrelevant. Plaintiffs' filed their Motion for Entry of Judgment because they recognized the need for a judgment which could be made executory. This court's opinion in the second appeal clearly held that the trial court erred in denying Plaintiffs' motion for summary judgment and that Plaintiffs were entitled to summary judgment. Therefore, the trial court erred in denying the Motion for Entry of Judgment, and we grant the writ and enter judgment for Plaintiffs accordingly.[3]

## DISPOSITION

We find that the trial court erred in denying the Motion for Entry of Judgment filed by Plaintiffs-Relators, Russell Maricle and Mary Francis Maricle. We reverse and set aside the trial court's ruling denying the Motion for Entry of Judgment. We hereby render judgment granting Plaintiffs' Motion for Summary Judgment against the Defendant-Respondent, Axis Medical & Fitness Equipment,

---

[3] This writ challenges the trial court's denial of the Plaintiffs' Motion for Entry of Judgment on the Plaintiffs' Motion for Summary Judgment which was filed in May of 2015. Accordingly, this writ is not subject to the revisions of La.Code Civ.P. art. 966 which were made during the 2015 session of the legislature.

14

LLC (Axis), assessing Axis with one hundred percent of the liability in this incident in accordance with this court's opinion in *Maricle v. Axis Med. & Fitness Equip.*, 15-1063 (La.App. 3 Cir. 5/4/16), 191 So.3d 697, *writ denied*, 16-1016 (La. 9/16/16). All costs of these proceedings are assessed to Axis.

## <u>WRIT GRANTED AND MADE PEREMPTORY</u>.


This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.